UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.<br><br>Plaintiffs,<br>v.<br><br>A.M. MECHANICAL, INC.,<br><br>Defendant. | Case No. 07 C 7138<br><br>Judge Andersen<br><br>Magistrate Denlow |

### MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, ET AL. (collectively "Trust Funds"), by their attorney Kevin P. McJessy, hereby move this Court pursuant to Federal Rule of Civil Procedure 55 to enter a default judgment against A.M. MECHANICAL, INC., an Illinois corporation. In support of their motion, Trust Funds state as follows:

### COMPLAINT

1. The Trust Funds filed a complaint against the Defendant under ERISA to compel an audit of Defendant's books and records, for collection of unpaid contributions, interest and liquidated damages, and for attorneys' fees and auditors' fees pursuant to the collective bargaining agreements and the trust agreements to which Defendant is signatory.

### NO ANSWER OR APPEARANCE

2. Defendant was served with a copy of the summons and complaint and the proof of service has been filed with the Clerk of Court. Defendant has failed to answer or appear.

3. Defendant has failed to submit to an audit. (*See* J. Egan Decl., ¶3, Exh. A; Rosemeyer Decl. ¶5, Exh. B)

4.      This Court should enter a default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(a) because the Defendant has failed to answer or otherwise plead.

5.      The Trust Funds now seek entry of a default judgment against the Defendant, ordering Defendant:

- A.    to provide the Plaintiffs or their designated auditors, James Egan & Associates, Ltd., complete access to Defendant's books and records within twenty-one (21) days so that the Plaintiffs may conduct an audit of Defendant's fringe benefit contributions;

- B.    to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

- C.    to pay auditor's fees incurred by the Trust Funds to date to complete the audit of Defendant's books and records and such additional auditor's fees as the Trust Funds incur to complete the audit;

- D.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

- E.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

- F     to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and any attorneys' fees that the Trust Funds will incur to obtain full compliance with this Order;

- G.    to award the Trust Funds such other and further relief as the Court deems just and equitable.

6.      A draft proposed order is attached as Exhibit C.

WHEREFORE, the Trust Funds respectfully request that the Court enter judgment in their favor which orders Defendant:

- A.    to provide the Plaintiffs or their designated auditors, James Egan & Associates, Ltd., complete access to Defendant's books records within twenty-one (21) days so that the Plaintiffs may conduct an audit of Defendants' fringe benefit contributions;

- B.    to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C. to pay auditor's fees incurred by the Trust Funds to date to complete the audit of Defendant's books and records and such additional auditor's fees as the Trust Funds incur to complete the audit;

D. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F. to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and attorneys' fees that the Trust Funds will incur to obtain full compliance with this Order; and

G. to award the Trust Funds such other and further relief as the Court deems just and equitable.

        CHICAGO REGIONAL COUNCIL OF CARPENTERS
        PENSION FUND et al.

        By:   s/ Kevin P. McJessy
             One of their attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)

3

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Motion for Entry of Default Judgment** to be served upon

| | |
|---|---|
| A. M. Mechanical, Inc. | Carole Miller, President |
| c/o Mailu Halm, Registered Agent | A. M. Mechanical, Inc. |
| 2 McCord Trace | 3000 S. Lloyd Ave., Suite 3 |
| Palos Park, IL 60464 | Chicago IL 60608 |

via U.S. Mail deposited in the United States Mail Depository at 3759 N. Ravenswood, Chicago, Illinois, postage prepaid, this 3rd day of June 2008.

                                                   s/ Kevin P. McJessy
                                                   Kevin P. McJessy

07C 7138

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. </br></br> Plaintiffs, </br></br> v. </br></br> A.M. MECHANICAL, INC., </br></br> Defendant. | ) </br> ) </br> ) Case No. 07 C 7138 </br> ) </br> ) Judge Andersen </br> ) </br> ) Magistrate Denlow </br> ) </br> ) |

## DECLARATION OF JAMES EGAN

I, James Egan, hereby declare, under penalty of perjury pursuant to the laws of the United States, as follows:

1.  I am a principal in the Certified Public Accounting firm of James Egan & Associates, Ltd. ("Egan"). I am familiar with the billings to the Chicago Regional Council of Carpenters Pension Fund ("Pension Fund"), the Chicago Regional Council of Carpenters Welfare Fund ("Welfare Fund"), the Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program ("Trainee Fund"), and the Labor/Management Union Carpentry Cooperation Promotion Fund ("Labor/Management Fund") (collectively "the Trust Funds"), including fees and expenses incurred in connection with auditing the books and records of signatory companies.

2.  In connection with efforts to obtain and conduct an audit of the books and records of A.M. Mechanical, Inc. ("Defendant"), the Trust Funds incurred $281.40 in fees and expenses through May 23, 2008. These efforts were comprised of preparation for the audit, communications with the Defendant and follow-up communications with the Trust Funds and its agents.

3.  Defendant has not produced books and records for Egan to complete its audit engagement and has not responded to further requests by Egan for documents.

4.  The audit fees and expenses charged to the Trust Funds in this matter are consistent with Egan's regular charges for services to the Trust Funds on similar matters.

5.  I have personal knowledge of the matters stated in this declaration and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

_____
James Egan

07C 9138

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>A.M. MECHANICAL, INC.,<br><br>Defendant. | )<br>)<br>) Case No. 07 C 7138<br>)<br>) Judge Andersen<br>)<br>) Magistrate Denlow<br>)<br>) |

### DECLARATION OF JAMES ROSEMEYER

I, James Rosemeyer, hereby declare, under penalty of perjury pursuant to the laws of the United States, as follows:

1. I am the Contributions Manager for the Chicago Regional Council of Carpenters Pension Fund ("Pension Fund"), the Chicago Regional Council of Carpenters Welfare Fund ("Welfare Fund"), the Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program ("Trainee Fund") and the Labor/Management Union Carpentry Cooperation Promotion Fund ("Labor/Management Fund") (collectively "the Trust Funds").

2. As part of my duties, I am responsible for supervising and enforcing contributions for medical, pension and other benefits due from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Trust Funds and pursuant to the Trust Agreements.

3. On July 1, 2006, A.M. MECHANICAL, INC., ("Defendant") and the Chicago and Northeast Illinois District Council of Carpenters entered into the Collective Bargaining Agreement pursuant to which Defendant agreed to make contributions to the Trust Funds. A true and accurate copy of this Memorandum of Agreement is attached as Exhibit 1.

4. Defendant agreed to submit to a periodic audit of its books and records in order to verify the accuracy of the contributions reported and paid to the Trust Funds.

5. Defendant has failed or refused to produce all records and books necessary for the Trust Funds to conduct an audit of Defendant's fringe benefit contributions.

6. Because Defendant failed to comply with the terms of the Collective Bargaining Agreement and related Trust Agreements, the Trust Funds have had to employ the services of McJessy, Ching & Thompson, LLC. As a result, the Trust Funds incurred additional audit fees and attorneys' fees.

7. I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER DECLARANT SAYETH NOT.

_____
James Rosemeyer

07C7138
# EXHIBIT 1

# Memorandum of Agreement

| | | | |
|---|---|---|---|
| **Employer** A M Mechanical, Inc. | | **Address** 3000 South Lloyd Avenue, Suite 3 | |
| **City** Chicago | **State** IL | **Zip** 60608 | **Phone** 312-752-8600 |

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period between the execution of this Memorandum Agreement and ending on the expiration dates of any and all successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this __First__ day of July, 2006.

| EMPLOYER | CHICAGO REGIONAL COUNCIL OF CARPENTERS |
|---|---|
| _[signature]_ | _[signature]_ |
| RICHARD A. MILLER V. PRES | Authorized Regional Council Representative |
| Print Name and Title | |

07C 7138

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>A.M. MECHANICAL, INC.,<br><br>　　　　　Defendant. | Case No. 07 C 7138<br><br>Judge Andersen<br><br>Magistrate Denlow |

## ORDER

Pursuant to Federal Rule of Civil Procedure 55, a judgment by default is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") and against defendant A.M. MECHANICAL, INC. ("Defendant"). Defendant is hereby ordered:

A. to provide the Trust Funds or their designated auditors, James Egan & Associates, Ltd., complete access to Defendant's books and records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendant/s fringe benefit contributions;

B. to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C. to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendant's books and records;

D. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F. to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and incurred by the Trust Funds to obtain full compliance with this Order and to collect any amounts owed to the Trust Funds; and

G. to award the Trust Funds such other and further relief as the Court deems just and equitable.

Plaintiffs shall serve a copy of this Order on Defendant.

_____　　　　　　　_____
Date　　　　　　　　　　　　　　　　　Judge Andersen